UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BYRON RENDELL JONES,** | * | CIVIL ACTION |
| **PETITIONER** | * | |
| | * | NO. 16-cv-7057 |
| **VERSUS** | * | |
| | * | SECTION "A" (1) |
| **CHRIS STINSON, WARDEN** | * | |
| **RESPONDENT** | * | |

RESPONSE TO PETITION FOR *HABEAS CORPUS* RELIEF

OVERVIEW

Byron Rendell Jones is a state prisoner currently incarcerated at the Madison Parish Correctional Center in Angola, Louisiana. He is serving a 15 year sentence following his convictions for drug offenses and subsequent adjudication as a habitual offender. Byron Rendell Jones has petitioned this Court for a writ of habeas corpus, contending that his current incarceration is in violation of his rights under the United States Constitution.

Jones's petition is timely, and one of his two claims are exhausted. Both of his claims, however, lack merit. Because both of the petitioner's claims lack merit, the respondent prays that the Court dismiss both claims with prejudice.


**TABLE OF CONTENTS**

OVERVIEW ..........................................................................................................................1

PRELIMINARY MATTERS ................................................................................................3

    1. Custody ..........................................................................................................................3

    2. The state court record ...................................................................................................3

    3. The petitioner's claims .................................................................................................3

    4. State court proceedings; time-line. ..............................................................................4

PROCEDURAL MATTERS .................................................................................................8

    1. Timeliness. ....................................................................................................................8

    2. Exhaustion ....................................................................................................................8

    3. Procedural default ........................................................................................................9

MERITS .................................................................................................................................9

    1.    Overview of the applicable law ..............................................................................9

        1-1.    Claims adjudicated on the merits .................................................................9

        1-2.    Claims not adjudicated on the merits ........................................................10

        1-3.    Voluntariness of guilty pleas ......................................................................10

    2.    The petitioner is not entitled to relief. ..................................................................11

        2-1.    The claim that the plea bargain involved an "unfulfillable promise." .......11

        2-2.    The claim that "the specific contents of the plea bargain agreement were not made known to the petitioner." ................................................12

CONCLUSION AND PRAYER ..........................................................................................14

CERTIFICATE OF SERVICE ............................................................................................14

PRELIMINARY MATTERS

1.  **Custody.**

The petitioner is in custody, and according to his Master Prison Record, he will be released on August 11, 2025. See Exhibit 1, attached hereto (screen capture of Master Prison Record).[1]

2.  **The state court record.**

Submitted along with this Response is the complete state court record relating Byron Rendell Jones's trial and collateral proceedings in the Louisiana courts, presented in two volumes.

The record has been imaged and sequentially numbered by undersigned counsel.

Volume 1 consists of the record of the proceedings leading to the petitioner's conviction (22nd Judicial District Court, St. Tammany docket # 4867129) and the review thereof by the Louisiana First Circuit Court of Appeal (docket numbers 2011-KA-0478, 2013-KW-0244, 2013-KA-0705, 2014-KW-0663, and 2014-KA-1543). Volume 1 is separated by five tabs, numbered 1-5.

Volume 2 consists of the petitioner's writ applications to the Louisiana Supreme Court (docket numbers 2014-KH-1664, 2015-KO-0984) and the collateral review proceedings which have occurred in the state district court. Volume 2 is separated by three tabs, numbered 6-8.

3.  **The petitioner's claims.**

The petitioner's claims are as follows:

> Petitioner was induced to Plea Guilty by an unfulfillable Promise and the specific contents of the plea bargain agreement were not made known to the petitioner. Rendering his guilty plea unknowningly and involuntarily made.

Rec. Doc. 6, pg. 5.

---

1  The Master Prison record reflects that he is not eligible for parole ("PAROLE ELG DT: NOT ELIGIB"), that he is not eligible for diminution of sentence, also known as "good time" ("GT DATE: NOT ELIGIB") and that his full term discharge date is August 11, 2025 ("FTD DATE: 08/11/2025").

**4.     State court proceedings; time-line.**

The procedural history of this case in the Louisiana courts follows.

### A.

| | |
|---|---|
| April 22, 2010. | Bill of information filed.[2] Byron R. Jones is charged with possession and distribution of various controlled dangerous substances:<br>  Count 1 – possession, carisoprodol (Soma).<br>  Count 2 – possession, Oxycodone.<br>  Count 3 – distribution, cocaine.<br>  Count 4 – distribution, cocaine. |
| October 1, 2010. | Jones pleads guilty as charged to each count.[3] He consents to being adjudicated as a second-felony offender as to Counts 3 and 4. The court imposes sentences as follows:<br>  Counts 1 and 2 – five years (concurrent).<br>  Counts 3 and 4 – fifteen years (concurrent).[4]<br>The Court "retain[ed] jurisdictions pursuant to Article 881.1" and ruled that "the defense has 60 days to bring forward any new information that it feels would be relevant to this matter."[5] |

### B.

| | |
|---|---|
| Dec. 22, 2010. | Jones files *pro se* motion for appeal.[6] |
| March 21, 2011. | The appellate record (2011-KA-0478) is lodged with the Louisiana First Circuit Court of Appeal.[7] |
| May 6, 2011. | The appeal is dismissed as untimely. *State v. Jones*, 2011-KA-0478 (La. App. 1 Cir. 5/06/11), unpub'd.[8] |

### C.

| | |
|---|---|
| Nov. 3, 2012. | The petitioner files an application for post-conviction relief |

---

2   SCR₁ (Tab 1), at 16.

3   SCR₁ (Tab 1), at 10-12 (minute entry).

4   SCR₁ (Tab 1), at 73, lines 27-31 & id. at 74, lines 15-21.

5   SCR₁ (Tab 1), at 75, lines 5-20.

6   SCR₁ (Tab 1), at 50-51.

7   SCR₁ (Tab 3), at 179.

8   SCR₁ (Tab 1), at 79.

|  |  |
|---|---|
|  | requesting an out-of-time appeal.[9] |
| Nov. 26, 2012. | The state district court grants the motion for out-of-time appeal.[10] |
| Feb. 3, 2013. | The petitioner files a *Motion for Review* with the Louisiana First Circuit Court of Appeal. The docket number is 2013-KW-0244.[11] |
| March 25, 2013. | The Louisiana First Circuit Court of Appeal transfers the writ application to the district court for "enforcement and clarification of its order of November 26, 2012." *State v. Jones,* 2013-KW-0244 (La. App. 1 Cir. 3/25/13), unpub'd.[12] |
| April 22, 2013. | The district court complies with Louisiana First Circuit's order.[13] |
| May 1, 2013. | The appellate record is lodged with the Louisiana First Circuit Court of Appeal. The docket number is 2013-KA-0705.[14] |
| Dec. 27, 2013. | The appellate court vacates the defendant's sentences, and remands for resentencing, because the trial court failed to impose a separate sentence for each of the four counts. *State v. Jones*, 2013-KA-0705 (La. App. 1 Cir. 12/27/13), unpub'd.[15] |

**D.**

| Feb. 10, 2014. | The state district court re-sentences the defendant, as follows:<br>    Count 1 – five years (concurrent).<br>    Count 2 – five years (concurrent).<br>    Count 3 – fifteen years (concurrent).<br>    Count 4 – fifteen years (concurrent).[16] |
|---|---|
|  | The state district court then comments: |
|  | > The Court imposed the same sentence that was imposed previously when the defendant was originally sentenced. However, the Court of Appeal correctly noted that the way that I |

---

9   $SCR_1$ (Tab 3), at 120-124.

10  $SCR_1$ (Tab 3), at 124.

11  $SCR_1$ (Tab 2), at 80-98.

12  $SCR_1$ (Tab 1), at 79.

13  $SCR_1$ (Tab 3), at 150-152.

14  $SCR_1$ (Tab 3), at 162.

15  $SCR_1$ (Tab 3), at 181-184.

16  $SCR_1$ (Tab 5), at 228-233 (transcript).

>verbalized that sentence was not correct. So I have corrected my language in the sentences to make sure that I imposed a separate sentence for each count in the Bill [of Information]. However, the sentence remains totally the same from previously from what was agreed upon and intended at the time it was imposed.[17]

### E.

| | |
|---|---|
| April 22, 2014. | The petitioner files a *Motion to Correct Illegal Sentence*.[18] |
| April 29, 2014. | The district court denies the *Motion to Correct Illegal Sentence*.[19] |
| May 5, 2014. | The petitioner seeks supervisory review of the district court's ruling denying the *Motion to Correct Illegal Sentence*. The application is given docket number <u>2014-KW-0663</u>.[20] |
| July 28, 2014. | The Louisiana First Circuit Court of Appeal denies writs. *State v. Jones*, 2014-KW-0663 (La. App. 1 Cir. 7/28/14), unpub'd.[21] |
| August 1, 2014. | The petitioner files a writ application with the Louisiana Supreme Court seeking supervisory review of the Louisiana First Circuit Court of Appeal's decision in case 2014-KW-0663, concerning the denial of the *Motion to Correct Illegal Sentence*. The Supreme Court writ application is given docket number <u>2014-KH-1664</u>.[22] |

### F.

| | |
|---|---|
| August 1, 2014. | The petitioner files a *Motion for Out of Time Appeal* (again).[23] |
| August 5, 2014. | The state district court grants the motion for out-of-time appeal.[24] |
| October 21, 2014. | The appellate record is lodged with the Louisiana First Circuit |

---

17  $SCR_1$ (Tab 5), at 232, lines 10-22.

18  $SCR_1$ (Tab 5), at 211-217.

19  $SCR_1$ (Tab 5), at 217, 219.

20  $SCR_1$ (Tab 4), at 185-191.

21  $SCR_1$ (Tab 4), at 185-194.

22  $SCR_2$ (Tab 6), at 291-297.

23  $SCR_1$ (Tab 5), at 221-224.

24  $SCR_1$ (Tab 5), at 224, 225.

|  |  |
|---|---|
|  | Court of Appeal. The docket number is <u>2014-KA-1543</u>.[25] |
| April 24, 2015. | The Louisiana First Circuit Court of Appeal affirms the petitioner's convictions and sentences. *State v. Jones*, 2014-KA-1543 (La. App. 1 Cir. 4/24/15), unpub'd.[26] |

### G.

|  |  |
|---|---|
| May 14, 2015. | The petitioner files a writ application with the Louisiana Supreme Court seeking supervisory review of the Louisiana First Circuit Court of Appeal's decision in case 2014-KA-1543. The Supreme Court writ application is given docket number <u>2015-KO-0984</u>.[27] |
| Sept. 11, 2015. | Louisiana Supreme Court denies both pending writ applications: *State ex rel Jones v. State*, 14-1664 (La. 9/11/15), 176 So.3d 413; *State v. Jones*, 15-0984 (La. 9/11/15), 176 So.3d 1040.[28] |
| Sept. 17, 2015. | The petitioner applies for rehearing with the Louisiana Supreme Court under docket number 2014-KH-1664.[29] |
| October 23, 2015. | The Louisiana Supreme Court refuses to consider the application for rehearing, citing La. Sup. Ct. Rule IX, § 6.[30] |

### H.

|  |  |
|---|---|
| June 27, 2016. | The petitioner files an application for post-conviction relief in the state district court.[31] |
| August 24, 2016. | The district court denies post-conviction relief.[32] |

The petitioner has not sought supervisory review of the ruling denying post-conviction relief.[33]

---

25  SCR$_1$ (Tab 5), at 238.

26  SCR$_1$ (Tab 5), at 277-280.

27  SCR$_2$ (Tab 6), at 201-318.

28  SCR$_2$ (Tab 6), at 290; SCR$_2$ (Tab 7), at 300.

29  SCR$_2$ (Tab 6), at 283-289.

30  SCR$_2$ (Tab 6), at 281-282.

31  SCR$_2$ (Tab 8), at 380-388.

32  SCR$_2$ (Tab 8), at 399. The clerk of court mailed notice of judgment on August 30, 2016. Id. at 398.

33  Petitioner Jones has not filed a writ application with the Louisiana First Circuit Court of Appeal since 2014, according a November 18, 2016 telephone conversation between the undersigned and the Clerk of Court for the Louisiana First Circuit Court of Appeal (225-382-3000).

PROCEDURAL MATTERS

**1.   Timeliness.**

Because the petitioner was granted an out-of-time appeal, the period of limitations commences on the date that the out-of-time direct appeal becomes final.[34] That date was December 10, 2015.[35]

Petitioner Jones submitted his habeas corpus petition on June 6, 2016.[36] Because that date is less than one year after December 10, 2015, the petitioner's application is timely.

**2.   Exhaustion.**

The petitioner asserts both (1) that his plea agreement rested upon "an unfulfillable promise" and (2) that "the specific contents of the plea bargain agreement were not made known to the petitioner." Rec. Doc. 6, pg. 5.

The first of these two claims was raised on direct appeal and raised again in the writ application to the Louisiana Supreme Court.[37] It is therefore exhausted.

The second of these two claims was not raised on appeal, but was raised in the petitioner's application for post-conviction relief.[38] The application for post-conviction relief was denied on August 24, 2016, and notice mailed to the petitioner on August 30, 2016.[39] The period of time for timely seeking supervisory review of the denial of the application for post-conviction relief has lapsed without the petitioner seeking such review.[40] This claim is therefore

---

34  Jimenez v. Quarterman, 555 U.S. 113 (2009).

35  The Louisiana Supreme Court denied writs from the petitioner's out-of-time appeal on September 11, 2015, in case number 2015-KO-0984. See $SCR_2$ (Tab 2), at 300. The petitioner did not seek further review from the United States Supreme Court. December 10, 2015 is ninety days after September 11, 2015.

36  Rec. Doc. 6, pg. 15.

37  See $SCR_1$ (Tab 5), at 249-260; $SCR_2$ (Tab 7), at 302.

38  $SCR_2$ (Tab 8), at 385.

39  $SCR_2$ (Tab 8), at 398-399.

40  See footnote 33 on the previous page.

unexhausted. The respondent nevertheless asks this Court to waive the requirement of exhaustion because the claim is so plainly unmeritorious.

### 3. Procedural default.

The petitioner's claim is not procedurally defaulted.

## MERITS

### 1. Overview of the applicable law.

#### 1-1. Standard of review when a claim has been adjudicated on the merits.

The standard for reviewing a state court's denial of a federal constitutional claim—when that claim was decided on the merits—is set forth in 28 U.S.C. § 2254. A state court's resolution of disputed facts is "presumed to be correct"[41] and is owed deference unless "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[42] The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."[43]

A state court's resolution of questions of law—and of mixed questions of law and fact—are owed deference unless such resolution "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."[44]

A state court decision is "contrary to" clearly established Federal law if "the state court applies a rule that contradicts the governing law set forth in [United States Supreme Court] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a result different."[45]

---

41  28 U.S.C. § 2254(e)(1).

42  28 U.S.C. § 2254(d)(2).

43  28 U.S.C. § 2254(e)(1).

44  28 U.S.C. § 2254(d)(1).

45  Williams v. Taylor, 529 U.S. 362, 405-406 (2000).

A state court decision involves an "unreasonable application" of clearly established Federal law only if "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[46]

### 1-2.   Standard of review when a claim has not been adjudicated on the merits.

The standard for reviewing a state court's denial of a federal constitutional claim—when that claim was *not* decided on the merits—is *de novo*.[47]

### 1-3.   Voluntariness of guilty pleas.

The law governing the petitioner's claim that his guilty plea was not voluntarily made is follows:

> "A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), *misrepresentation (including unfulfilled or unfulfillable promises)*, or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." Brady v. United States, 397 U.S. 742, 755 (1970) (emphasis added).
>
> In other words, where a plea "rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). Otherwise, "[w]hen a defendant pleads guilty on the basis of a promise by his defense attorney or the prosecutor, whether or not such promise is fulfillable, breach of that promise taints the voluntariness of his plea." McKenzie v. Wainwright, 632 F.2d 649, 651 (5th Cir.1980). "It is clear that an unfulfilled state promise obtained in return for a plea of guilty will entitle a prisoner to habeas relief." McNeil v. Blackburn, 802 F.2d 830, 832 (5th Cir.1986).
>
> Thus, a finding that [the] plea agreement contained either an illusory or breached promise—and that the state court unreasonably found to the contrary—would warrant federal habeas relief. Alternatively, if the terms

---

46  Harrington v. Richter, 562 U.S. 86, 103 (2011).

47  Henderson v. Cockrell, 333 F.3d 592, 598 (5th Cir. 2003).

of the agreement, though fulfilled, were misrepresented to [the petitioner] —and if the state court unreasonably found to the contrary—habeas relief also would be justified.[48]

## 2. The petitioner is not entitled to relief.

### 2-1. The claim that the plea bargain involved an "unfulfillable promise."

This claim was adjudicated on the merits by the state courts as follows:

> At the time the defendant pled guilty, the trial court recognized that the guilty plea resulted from prior discussions between defense counsel, the district attorney, and the court. At that time, the trial court stated, "The substance of that plea agreement will be disclosed when I impose your sentence, and if it's not in accordance with [your] understanding, you'll be allowed to withdraw your plea of guilty at that time." The defendant then admitted the allegations of the habitual offender bill of information and was sentenced. After the sentence was imposed, counsel for the defendant stated, "Your Honor, I'd remind the Court that pursuant to pretrial discussions with both the District Attorney and the Court that the defense has 60 days to bring forward any new information that it feels would be relevant to this matter," and the trial court agreed.
>
> The defendant now argues that his guilty pleas were not voluntary because the plea bargain agreement contained a condition that provided him with only "an illusion of possible benefit." Specifically, he contends that allowing him sixty days to bring forward any new, relevant information did not confer an actual benefit, because it did not allow him to change his convictions, habitual offender adjudications, or sentences.
>
> A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. A defendant may not withdraw a guilty plea simply because the sentence imposed is heavier than anticipated. It is not unreasonable for a trial court to deny a defendant the luxury of gambling on his sentence by allowing him to withdraw his plea when the sentence is not to his liking. However, a guilty plea is constitutionally infirm if a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes to be a plea bargain, and that bargain is not kept. In such cases, the guilty plea was not given freely and knowingly. State v. Parker, 12–1550 (La.App. 1 Cir. 4/26/13), 116 So.3d 744, 750, *writ denied*, 13–1200 (La. 11/22/13), 126 So.3d 478.
>
> In arguing that the condition allowing the defendant sixty days to present new, relevant information was of only illusory benefit, the defendant suggests that the extra time period could not have affected evidence of his

---

48 Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000).

> guilt or innocence because a factual basis for the pleas was stipulated, that any evidence that may have supported excluding his predicate conviction should have been discovered before he admitted the truth of the habitual offender bill of information, and if the extension was intended to allow additional time to file a motion to reconsider sentence, that was of no possible benefit because he received the minimum habitual offender sentences. The defendant also complains that the trial court would have had to grant a timely filed motion to reconsider sentence for him to have received any benefit.
>
> While we do not express an opinion as to whether the sixty-day period could have been used to attack either the factual basis for the defendant's guilty pleas or the evidence of his habitual offender status, it certainly could have benefited the defendant by operating as an extension of the usual thirty-day time period for filing a motion to reconsider sentence. See La.Code Crim. Pro. art. 881.1A(1). The defendant could have used that extended period of time to attempt to show that his minimum sentences were nothing more than the purposeful imposition of pain and suffering, and were grossly out of proportion to the severity of his crimes. See State v. Dorthey, 623 So.2d 1276, 1280–81 (La.1993). However, the defendant made no such effort. His failure to file a motion to reconsider sentence during the extended sixty-day period does not mean his plea bargain agreement provided only the illusion of possible benefit. He could have acted but chose not to. This argument is without merit.
>
> The defendant's guilty pleas are constitutionally sound. He was informed of his constitutional rights under Boykin v. Alabama, 395 U.S. 238, 243 (1969), acknowledged his ability to understand his pleas, approved of his counsel's performance, and was informed of the possible penalties he could receive for each of his convictions. The record establishes that the defendant's guilty pleas were knowingly and voluntarily made.

*State v. Jones*, 2014-KA-1543, pp. 2-4.

The state court's finding—that the petitioner's "failure to file a motion to reconsider sentence during the extended sixty-day period does not mean his plea bargain agreement provided only the illusion of possible benefit"— is neither contrary to, nor an unreasonable application of, clearly established federal law. This claim is without merit.

### 2-2. The claim that "the specific contents of the plea bargain agreement were not made known to the petitioner."

This claim is unexhausted but nevertheless should be rejected on its merits pursuant to

28 U.S.C. § 2254(b)(2) and (b)(3).

Before accepting the petitioner's plea, the transcript reflects that the state district court judge confirmed with the defendant that he spoke English, was high-school educated, and was not "under the influence of any drugs, alcohol, or mind-altering substances."[49]

During the plea colloquy, the district court told the petitioner that "[t]he Court understands [] that your willingness to plead guilty results from prior discussions between the District Attorney, the Court, and your attorney. The substance of that plea agreement will be disclosed when I impose your sentence, and if it's not in accordance with [your] understanding, you'll be allowed to withdraw your plea of guilty at that time."[50] Immediately thereafter the district court asked: "Do you understand?"[51] The petitioner answered: "Yes."[52]

After imposing sentence, the district court judge "noted for the record" and confirmed as correct the following statement made by defense counsel: "pursuant to pretrial discussions with both the District Attorney and the Court[,] the defense has 60 days to bring forward any new information that it feels would be relevant to this matter."[53] This occurred in the petitioner's presence, and the petitioner did not ask to withdraw his plea.[54]

The petitioner now claims that "the specific contents of the plea bargain agreement were not made known to the petitioner." This claim is without merit because the specific contents of the plea bargain were recited aloud in open court in the defendant's presence after it had been confirmed that the defendant was sober, reasonably educated, and fluent in the English language.

---

49  $SCR_1$ (Tab 1), at 61-62.

50  $SCR_1$ (Tab 1), at 68, lines 20-30.

51  $SCR_1$ (Tab 1), at 68, line 31.

52  $SCR_1$ (Tab 1), at 69, line 1.

53  $SCR_1$ (Tab 1), at 75, lines 7-17.

54  It was not until later in the proceedings that the court directed that the petitioner "be remanded" to "be processed by my deputy." $SCR_1$ (Tab 1), at 69, lines 29-31.

CONCLUSION AND PRAYER

Based on the foregoing, respondent Chris Stinson submits that this Court cannot grant a writ of habeas corpus because Byron Rendell Jones's claims are without merit. Accordingly, Warden Chris Stinson respectfully requests that this Court dismiss the instant petition with prejudice.

Respectfully Submitted,

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney
22nd Judicial District – Parishes of
    St. Tammany and Washington
701 N. Columbia Street
Covington, Louisiana 70433
Tel: (985) 809-8398
Email: mcaplan@22da.com

CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing pleading by sending it via USPS first-class mail, addressed as follows:

Byron Rendell Jones, DOC # 411956
Madison Parish Correctional Center
158 Treatment Plant Road
Tallulah, LA 71282
*Petitioner, pro se*

This the 23rd day of November, 2016, at Covington, Louisiana.

/s/ Matthew Caplan
Matthew Caplan, #31650
Assistant District Attorney